# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ONOFRIO POSITANO,** | : | Civil No. 3:18-CV-00190 |
| | : | |
| **Plaintiff** | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **GEISINGER-GMC,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

## I. INTRODUCTION AND BACKGROUND

The plaintiff, Onofrio Positano, is an inmate in the custody of the Pennsylvania Department of Corrections, currently housed at the State Correctional Institution-Mahanoy. Positano originally initiated this action by filing a complaint on January 29, 2018. (Doc. 1.) The complaint alleged that the defendant, Geisinger Medical Center ("Geisinger"), violated the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), by transferring Positano in an unstable condition to an unqualified facility. Specifically, Positano alleged that Geisinger transferred him to a state correctional institution in an unstable condition after Positano had undergone a catheterization procedure. Onofrio sought leave to proceed in forma pauperis, which was granted. The complaint was thereafter served

upon Geisinger, which filed a motion to dismiss the complaint on March 30, 2018, arguing that while the plaintiff's claims might possibly sound in medical malpractice, they did not entitle him to relief under EMTALA. (Docs. 15, 16.) We recommended that the motion to dismiss be granted without prejudice to the plaintiff being given an opportunity to file an amended complaint. (Doc. 22.)

On June 7, 2018, the district court adopted this recommendation and entered an Order dismissing the complaint and giving the plaintiff 21 days to file an amended complaint. (Doc. 24.) On June 18, 2018, Positano filed a motion for reconsideration of this Order, (Doc. 25), which was denied on August 8, 2018. (Doc. 26.) In its Order denying reconsideration of its earlier ruling, the district court again directed Positano to file an amended complaint within 21 days, or the action would be dismissed with prejudice. (Id.)

Positano did not file an amended complaint. Instead, on August 16, 2018, he filed an appeal to the Third Circuit.[1] (Docs. 27, 28.) While that appeal was pending, on December 21, 2018, the plaintiff filed a motion for leave to file an amended complaint, requesting an additional 30 days in which to do so. (Doc. 29.) That motion is presently before the Court for resolution.

---

[1] The Third Circuit dismissed Positano's appeal on January 31, 2019. (Doc. 30.)

## II. DISCUSSION

As noted above, the district court has twice directed the plaintiff to file an amended complaint within 21 days from the date of the Orders, together with a warning that a failure to comply with this scheduling deadline would result in the dismissal of this action with prejudices. (Doc. 24, 26.) These Orders were entered on June 7, 2018, and August 8, 2018, respectively. Instead of filing an amended pleading, however, Positano first moved the district court to reconsider its Order dismissing his original complaint, and when that proved unsuccessful he filed an appeal with the Third Circuit that was subsequently dismissed. Positano has now returned to the Court, having twice failed in his efforts to secure a favorable ruling on the defendant's motion to dismiss, and seeks permission to file an amended complaint notwithstanding that he was directed to do so nearly seven months ago.

Rule 15(a) embraces the liberal underpinnings of the Federal Rules of Civil Procedure, and provides that leave to amend pleadings may be granted with leave of court or with the opposing party's written consent. Fed. R. Civ. P. 15(a); see also Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). Under this standard, although a decision to grant a motion for leave to amend is committed to the discretion of the district court, Foman v. Davis, 371 U.S. 178, 182 (1962), courts should freely grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, under Rule 15 leave should be denied only when "it is apparent from

3

the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Diaz v. Palakovich, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

The Local Rules of this Court provide additional requirements, including the requirement that a party seeking leave to file an amended complaint attach a copy of the proposed amended complaint to the motion. See LR 15.1(a) ("When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion.").

In this case, the plaintiff has not attached a copy of the proposed amended complaint to his motion, and it appears he has not yet done so because he asserts that he needs more time to prepare the pleading. Positano represents that, as an inmate, he has limited access to SCI-Mahanoy's law library and avers that his access to the library was to be further curtailed around the Christmas holiday. (Doc. 29.)

Although Positano has failed to adhere to the Local Rules' requirement that he attach a copy of the proposed amended complaint to his motion, it is clear from the motion that he intends to replead his claims against Geisinger under a medical negligence theory. Positano's putative claims are therefore narrow, and the factual

4

circumstances that underlie them would seem to be discrete and not especially complex. We find it clear that the district court intended to provide Positano a final opportunity to file an amended complaint to address the deficiencies that were identified in his original complaint, thereby allowing Positano's claims to be considered on their merits and not dismissed on purely procedural grounds. Having failed to secure relief on appeal, Positano is now back before the Court and has represented that he intends to submit an amended complaint, in accordance with the district court's past Orders, but requires some additional time to complete this process.

Liberally applying Rule 15 to this case; finding that the district court has consistently extended Positano an opportunity to amend before dismissing this action; recognizing that leave to amend should be freely granted in the absence of undue delay, futility, or prejudice; and crediting Positano's representation that his access to the law library and legal materials has been limited, we will err on the side of caution and afford Positano a final three-week extension in which to prepare and file an amended complaint. The plaintiff should be mindful that any failure to comply with this Order – what is now the third court Order granting him time to file an amended complaint – may result in the dismissal of this action, with prejudice, without further notice.

## III. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion for leave for an extension of time to file an amended complaint (Doc. 29) is GRANTED as follows:

1. The plaintiff shall file an amended complaint on or before **Friday, March 1, 2019**.

2. Failure to file an amended complaint in accordance with this Order may result in the dismissal of this action with prejudice without further notice.

So Ordered this 7th day of February, 2019.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge